UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>   Plaintiff,<br><br>   v.<br><br>R. TIMMS, *et al.*,<br><br>   Defendants. | Case No.  2:23-cv-01771-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING AN OPPORTUNITY TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 6 |

Plaintiff, a state prisoner, alleges that defendants Timms and Strickland have violated his Eighth Amendment rights by failing to protect him from future harm of Covid-19 exposure. ECF No. 1 at 6. These allegations are, for the reasons stated below, insufficient to proceed past screening. I will give plaintiff an opportunity to amend and grant his application to proceed *in forma pauperis*. ECF No. 6.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

As stated above, plaintiff alleges that defendants have failed to protect him from the future harm of Covid-19 exposure. ECF No. 1 at 6. He alleges that underlying health conditions necessitate single-cell housing to reduce the risk of contracting the disease, and that defendants have housed him in a nine-man dorm since his return to the California Medical Facility. *Id.* at 3. Prisoner claims for future harm are cognizable under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition."). The Supreme Court has also stated, however, that "threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The injury at issue here is not sufficiently particularized. The harm alleged is that, by being housed with other inmates rather than in a single-man cell, plaintiff's chances of contracting Covid-19 have increased by some unknown probability. Complicating matters are plaintiff's allegations that he suffers from some underlying heart issue that make Covid-19 a greater risk to him. ECF No. 1 at 4. He offers no specifics as to the condition or how it makes him more vulnerable to the virus, however. All prisoners, and indeed all people, suffer some degree of exposure to a virus that, as of late 2023, is widely dispersed throughout the country. If this action is to proceed, plaintiff must better explain how he expects to suffer if he contracts Covid-19 and why his circumstances present the special case where additional exposure amounts to an Eighth Amendment violation.

Plaintiff may amend his complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

Dated: December 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE