UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. TIMMS, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01771-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this case alleging that defendants violated his Eighth Amendment rights by making decisions regarding his housing that placed him at an elevated risk of contracting COVID-19. ECF No. 12 at 4-5. He claims that the virus is especially threatening to him because of an underlying heart condition and his choice not to get the COVID-19 vaccine. *Id.* I found that the amended complaint stated cognizable Eighth Amendment claims against defendants Timms and Strickland based on those allegations. ECF No. 13. Now, both defendants have moved to dismiss, ECF No. 19, plaintiff has filed an opposition, ECF No. 20, and defendants have filed a reply, ECF No. 21. After review of the pleadings, I recommend that plaintiff's claims be dismissed without leave to amend.

### Motion to Dismiss

**I.    Legal Standards**

1    A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**II.   Analysis**

Plaintiff alleges that he suffers from underlying cardiac conditions that render him especially vulnerable to the COVID-19 virus. ECF No. 12 at 3-4. This vulnerability is heightened by his refusal to take the COVID-19 vaccine. *Id.* at 4. In December 2021, during a period of quarantine, he was assigned to a one-person cell at the California Medical Facility ("CMF"). *Id.* In July 2022 and after a second stent was placed in his heart, plaintiff was transferred to Salinas Valley State Prison, where he was also in a cell that mitigated his risk of viral exposure. *Id.* Then, in September 2022, plaintiff was transferred back to CMF. *Id.* at 5. This time, he was not assigned to a one-person cell, but was instead placed in a nine-person dormitory. *Id.* Plaintiff spoke with defendant Timms, a correctional counselor, and informed him

1  that being so housed as a serious risk to his health. *Id.* Plaintiff claims that, rather than taking
2  any action to protect him, Timms deferred any housing decision to the classification committee at
3  CMF. *Id.*

4  The classification committee, chaired by defendant Strickland, interviewed plaintiff in
5  October 2022. *Id.* Plaintiff told the committee that California Department of Corrections and
6  Rehabilitation policy mandated his placement in a cell rather than a dorm. *Id.* at 5-6. Strickland
7  allegedly refused to change plaintiff's housing assignment after falsely stating that his
8  classification did not meet the requirements for a cell. *Id.* at 6. After filing a grievance, plaintiff
9  alleges that a separate, "Reasonable Accommodation Panel" properly assigned him to a cell in
10 January 2023. *Id.*

11 Defendants Timms and Strickland argue that this action should be dismissed because he
12 did not contract the virus during the period between September 2022 and January 2023. ECF No.
13 19 at 9. Thus, he did not suffer any injury attributable to defendants' alleged misconduct. I
14 agree. In effect, plaintiff's claims can be construed as ones for a delay in medical care. The care,
15 in this instance, was assignment to a cell. To sustain a successful claim, plaintiff must allege that
16 he was harmed by delay in correct assignment between September 2022 and January 2023. *See*
17 *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("Moreover,
18 mere delay of surgery, without more, is insufficient to state a claim of deliberate medical
19 indifference; even if Shapley were aware that surgery had been recommended when he brought
20 the first action, he would have had no claim for deliberate medical indifference unless the denial
21 was harmful."). Plaintiff's opposition does not dispute the fact that he never contracted COVID-
22 19 during the relevant period. He does allege that he suffered from a runny nose, upset stomach,
23 headaches, and an inability to sleep during some portion of those months, ECF No. 20 at 2, but he
24 does not claim that these symptoms were ever diagnosed as COVID-19 or any other viral
25 infection whose likelihood of contraction was influenced by his placement in a dormitory. And,
26 given that plaintiff is no longer subject to the conditions he complains of, there is no relief this
27 court may provide. The Ninth Circuit has held that "[i]n order to satisfy Article III's case or
28 controversy requirement, [a claimant] needs to show that [he] has suffered an injury in fact, that

1 the injury is traceable to the challenged action of [Defendants], and that the injury can be
2 redressed by a favorable decision." *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir.
3 2002), cert. denied, 538 U.S. 923, 123 (2003).  The operative complaint seeks only compensatory
4 and punitive damages.  ECF No. 12 at 12.  Absent some actual injury, plaintiff is not entitled to
5 those damages.  And even if the complaint were amended to seek declaratory or injunctive relief,
6 plaintiff would need to show "a sufficient likelihood that [he] will again be wronged in a similar
7 way[.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Again, plaintiff indicates that he
8 is no longer subject to the conditions he complains of and there is no allegation that defendants,
9 or anyone else, are likely to move him back to the dormitory.
10 　　　　The only question that remains is whether plaintiff's claims should be dismissed with or
11 without leave to amend.  A complaint should be dismissed with leave to amend unless it is
12 evident that its deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103,
13 1105-06 (9th Cir. 1995).  Here, it does not seem that plaintiff's claims can be salvaged.  Unless he
14 can allege that he did, in fact, contract COVID-19 during the time he spent in the dorm or that
15 there is some likelihood of being subjected to those conditions again, his claims are doomed to
16 fail.  Plaintiff may address those issues in any objections to these recommendations he chooses to
17 file.
18 　　　　Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this
19 action.
20 　　　　Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 19, be
21 GRANTED and plaintiff's claims against defendants be dismissed without leave to amend.
22 　　　　These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
27 objections shall be served and filed within fourteen days after service of the objections.  The
28 parties are advised that failure to file objections within the specified time may waive the right to

4

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE