UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN, | Case No. 2:23-cv-1771-DC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. TIMMS, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brought this case alleging that defendants violated his Eighth Amendment rights by making decisions regarding his housing that placed him at an elevated risk of contracting COVID-19. ECF No. 27. I previously recommended that plaintiff's claims be dismissed without leave to amend, ECF No. 22. Those recommendations were adopted in part, and the district judge dismissed the claims with leave to amend. ECF No. 26. Plaintiff has now filed a second amended complaint, ECF No. 27, and defendants have, for a second time, moved to dismiss the claims, ECF No. 28. Before taking up the motion to dismiss, however, I must screen the second amended complaint. I find that the complaint fails to state a cognizable claim, and I recommend that it be dismissed. Accordingly, I will deny the motion to dismiss without prejudice as moot. If these recommendations are not adopted, defendants may renew their motion.

1

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he suffers from underlying cardiac conditions that render him especially vulnerable to the COVID-19 virus. ECF No. 27 at 4-6, 13-14. Nevertheless, he has elected not to take the COVID-19 vaccine. *Id.* at 4. In December 2021, during a period of quarantine, he was assigned to a closed cell at the California Medical Facility ("CMF"). *Id.* In

1  July 2022, after a second stent was placed in his heart, plaintiff was transferred to Salinas Valley
2  State Prison, where he was also in a cell that mitigated his risk of viral exposure. *Id.* In
3  September 2022, plaintiff was transferred back to CMF. *Id.* at 5. This time, he was not assigned
4  to a single man cell, but was instead placed in a nine-person dorm where his risk of contracting
5  the virus was higher. *Id.* He never tested positive for COVID-19 but claims that he did suffer
6  from a runny nose, headache, and upset stomach. *Id.* at 6. Plaintiff spoke with defendant Timms,
7  a correctional counselor, and informed him that being so housed was a serious risk to his health.
8  *Id.* at 6-7. Plaintiff claims that, rather than taking any action to protect him, Timms deferred any
9  housing decision to the classification committee at CMF. *Id.* at 7.

10  The classification committee, chaired by defendant Strickland, interviewed plaintiff in
11  October 2022. *Id.* Plaintiff told the committee that California Department of Corrections and
12  Rehabilitation policy mandated his placement in a cell rather than a dorm. *Id.* at 7-8. Strickland
13  allegedly refused to change plaintiff's housing assignment after falsely stating that his
14  classification did not meet the requirements for a cell. *Id.* at 8. After filing a grievance, plaintiff
15  alleges that a separate, "Reasonable Accommodation Panel" properly assigned him to a cell in
16  January 2023. *Id.* at 8-9.

17  Then, in July 2024, plaintiff alleges that unspecified officials informed him that he would
18  be moved to a dorm housing approximately two-hundred inmates. *Id.* at 9. He disobeyed the
19  order to move and spent ten days in a mental crisis unit, before being forced to make the move.
20  *Id.* He remained in that dorm until November 2024. *Id.* at 10. He does not allege that he
21  contracted COVID-19 during this time. Plaintiff claims that defendants can move him back to the
22  large dorm at any time, but gives no indication that they plan to do so. *Id.*

23  **II.    Analysis**

24  As before, plaintiff's complaint fails to allege that he contracted the COVID-19 virus due
25  to defendants' conduct. To have standing, a claimant must show three things: (1) an injury in
26  fact; (2) a showing that the injury is connected to the conduct complained of; and (3) a showing
27  that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S.
28  555, 560 (1992). Moreover, in an Eighth Amendment claim, a prisoner plaintiff must allege at

1  least some *de minimis* physical injury.  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be
2  brought by a prisoner confined in a jail, prison or other correctional facility for mental or
3  emotional injury suffered while in custody without a prior showing of physical injury.").  Here,
4  plaintiff has failed to show that he suffered any injury attributable to defendants' conduct.  The
5  only physical symptoms he alleges are a runny nose, upset stomach, and headaches, but it is not
6  apparent from the complaint that these minor symptoms were viral or contracted because of his
7  placement in the larger dorm.

8  Apparently recognizing these deficiencies, plaintiff has added a claim for permanent
9  injunctive that requests an order directing that he not be transferred into a dorm and, instead, be
10 restricted to housing with a cell door.  ECF No. 27 at 15.  A party seeking a permanent injunction
11 must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law,
12 such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the
13 balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
14 (4) that the public interest would not be disserved by a permanent injunction."  *Monsanto Co. v.*
15 *Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010).  Here, plaintiff cannot show that he has
16 suffered an irreparable injury.  Additionally, he has not alleged that his transfer back to the larger
17 dorm is planned or imminent.  *Id.* at 142 (injunction improper where it does not "guard against
18 any present or imminent risk of likely irreparable harm").

19 Plaintiff has already been afforded an opportunity to amend his complaint and the defect
20 in his claims is a fundamental one—he cannot show that defendants' conduct injured him in the
21 past or is likely to injure him in the future.

22 Accordingly, it is ORDERED that defendants' motion to dismiss, ECF No. 28, is
23 DENIED without prejudice to renewal if these recommendations are not adopted.

24 Further, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 27,
25 be DISMISSED without leave to amend for failure to state a cognizable claim.

26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
28 service of these findings and recommendations, any party may file written objections with the

1 court and serve a copy on all parties.  Any such document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
3 within fourteen days of service of the objections.  The parties are advised that failure to file
4 objections within the specified time may waive the right to appeal the District Court's order.  *See*
5 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
6 1991).

IT IS SO ORDERED.

Dated:  December 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE